UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI BAYES-ICKES,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,[1] Acting Commissioner of Social Security,<br><br>        Defendant. | Case No. EDCV 13-57 JC<br><br>MEMORANDUM OPINION AND ORDER OF REMAND |

## I. SUMMARY

On January 8, 2013, plaintiff Lori Bayes-Ickes ("plaintiff") filed a Complaint seeking review of the Commissioner of Social Security's denial of plaintiff's application for benefits. The parties have consented to proceed before a United States Magistrate Judge.

This matter is before the Court on the parties' cross motions for summary judgment, respectively ("Plaintiff's Motion") and ("Defendant's Motion"). The Court has taken both motions under submission without oral argument. See Fed. R. Civ. P. 78; L.R. 7-15; January 10, 2013 Case Management Order ¶ 5.

---

[1] Carolyn W. Colvin is substituted as Acting Commissioner of Social Security pursuant to Fed. R. Civ. P. 25(d).

Based on the record as a whole and the applicable law, the decision of the Commissioner is REVERSED AND REMANDED for further proceedings consistent with this Memorandum Opinion and Order of Remand.

## II. BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION

On October 22, 2010, plaintiff filed applications for Disabled Widow's and Disability Insurance Benefits. (Administrative Record ("AR") 22, 129, 141). Plaintiff asserted that she became disabled on June 10, 2010, due to fibromyalgia and depression. (AR 22, 148). The Administrative Law Judge ("ALJ") examined the medical record and heard testimony from plaintiff (who was represented by counsel) and a vocational expert on April 4, 2012. (AR 41-79).

On April 18, 2012, the ALJ determined that plaintiff was not disabled through the date of the decision. (AR 22-34). Specifically, the ALJ found: (1) plaintiff suffered from the following severe impairments: degenerative disc disease of the cervical spine, bilateral foot spurs, status post anterior cruciate ligament reconstruction (ACL reconstruction) of the right knee, fibromyalgia, attention deficit hyperactivity disorder (ADHD), depressive disorder, and anxiety disorder (AR 25); (2) plaintiff's impairments, considered singly or in combination, did not meet or medically equal a listed impairment (AR 26-27); (3) plaintiff retained the residual functional capacity to perform light work (20 C.F.R. § 404.1567(b)) with additional limitations[2] (AR 27); (4) plaintiff could not perform her past relevant work (AR 32); (5) there are jobs that exist in significant numbers in the national economy that plaintiff could perform, specifically bench assembler (small products), sub-assembler (electrical), and information clerk (AR

---

[2]The ALJ determined that plaintiff: (i) could lift and/or carry 10 pounds frequently and 20 pounds occasionally; (ii) could sit, stand, and/or walk for six hours out of an eight-hour workday; (iii) could occasionally perform postural activities; (iv) required a cane to ambulate as needed; and (v) would be limited to simple, repetitive tasks. (AR 27).

33); and (6) plaintiff's allegations regarding her limitations were not credible to the extent they were inconsistent with the ALJ's residual functional capacity assessment (AR 29).

The Appeals Council denied plaintiff's application for review. (AR 1-6).

## III. APPLICABLE LEGAL STANDARDS

### A. Sequential Evaluation Process

To qualify for disability benefits, a claimant must show that the claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Molina v. Astrue, 674 F.3d 1104, 1110 (9th Cir. 2012) (quoting 42 U.S.C. § 423(d)(1)(A)) (internal quotation marks omitted). The impairment must render the claimant incapable of performing the work claimant previously performed and incapable of performing any other substantial gainful employment that exists in the national economy. Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)).

In assessing whether a claimant is disabled, an ALJ is to follow a five-step sequential evaluation process:

(1) Is the claimant presently engaged in substantial gainful activity? If so, the claimant is not disabled. If not, proceed to step two.

(2) Is the claimant's alleged impairment sufficiently severe to limit the claimant's ability to work? If not, the claimant is not disabled. If so, proceed to step three.

(3) Does the claimant's impairment, or combination of impairments, meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, the claimant is disabled. If not, proceed to step four.

///

3

|   |   |   |
|---|---|---|
| (4) | | Does the claimant possess the residual functional capacity to perform claimant's past relevant work? If so, the claimant is not disabled. If not, proceed to step five. |
| (5) | | Does the claimant's residual functional capacity, when considered with the claimant's age, education, and work experience, allow the claimant to adjust to other work that exists in significant numbers in the national economy? If so, the claimant is not disabled. If not, the claimant is disabled. |

Stout v. Commissioner, Social Security Administration, 454 F.3d 1050, 1052 (9th Cir. 2006) (citing 20 C.F.R. §§ 404.1520, 416.920); see also Molina, 674 F.3d at 1110 (same).

The claimant has the burden of proof at steps one through four, and the Commissioner has the burden of proof at step five. Bustamante v. Massanari, 262 F.3d 949, 953-54 (9th Cir. 2001) (citing Tackett, 180 F.3d at 1098); see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (claimant carries initial burden of proving disability).

**B.  Standard of Review**

Pursuant to 42 U.S.C. section 405(g), a court may set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on legal error. Robbins v. Social Security Administration, 466 F.3d 880, 882 (9th Cir. 2006) (citing Flaten v. Secretary of Health & Human Services, 44 F.3d 1453, 1457 (9th Cir. 1995)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citations and quotations omitted). It is more than a mere scintilla but less than a preponderance. Robbins, 466 F.3d at 882 (citing Young v. Sullivan, 911 F.2d 180, 183 (9th Cir. 1990)).

To determine whether substantial evidence supports a finding, a court must "'consider the record as a whole, weighing both evidence that supports and

evidence that detracts from the [Commissioner's] conclusion.'" Aukland v. Massanari, 257 F.3d 1033, 1035 (9th Cir. 2001) (quoting Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir. 1993)). If the evidence can reasonably support either affirming or reversing the ALJ's conclusion, a court may not substitute its judgment for that of the ALJ. Robbins, 466 F.3d at 882 (citing Flaten, 44 F.3d at 1457).

## IV. DISCUSSION

Plaintiff contends that the ALJ failed properly to consider the opinions of plaintiff's treating psychologist, Dr. Douglas Rodick, expressed in a January 24, 2011 Medical Source Statement – Mental (AR 601-02) ("January 24 Statement") and a November 9, 2011 Mental Assessment form (AR 946-49) ("November 9 Assessment") (collectively "Dr. Rodick's Opinions"), and also failed properly to consider the opinions of plaintiff's treating psychiatrist, Dr. Ildiko Hodde, expressed in a November 10, 2011 Mental Assessment form (AR 950-53) ("November 10 Assessment" or "Dr. Hodde's Opinions"). (Plaintiff's Motion at 7-10, 12-15). The Court agrees. As the Court cannot find that the ALJ's errors were harmless, a remand is warranted.

### A. Pertinent Law

In Social Security cases, courts employ a hierarchy of deference to medical opinions depending on the nature of the services provided. Courts distinguish among the opinions of three types of physicians: those who treat the claimant ("treating physicians") and two categories of "nontreating physicians," namely those who examine but do not treat the claimant ("examining physicians") and those who neither examine nor treat the claimant ("nonexamining physicians"). Lester v. Chater, 81 F.3d 821, 830 (9th Cir.), as amended (1996) (footnote reference omitted). A treating physician's opinion is entitled to more weight than an examining physician's opinion, and an examining physician's opinion is entitled to more weight than a nonexamining physician's opinion. See id. In general, the opinion of a treating physician is entitled to greater weight than that of

a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." Morgan v. Commissioner of Social Security Administration, 169 F.3d 595, 600 (9th Cir. 1999) (citing Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987)).

A treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (citing Rodriguez v. Bowen, 876 F.2d 759, 761-62 & n.7 (9th Cir. 1989)). Where a treating physician's opinion is not contradicted by another doctor, it may be rejected only for clear and convincing reasons. Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). An ALJ can reject the opinion of a treating physician in favor of a conflicting opinion of another examining physician if the ALJ makes findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record. Id. "The ALJ must do more than offer his conclusions." Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988). "He must set forth his own interpretations and explain why they, rather than the [physician's], are correct." Id.; see Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002) (ALJ can meet burden by setting out detailed and thorough summary of facts and conflicting clinical evidence, stating his interpretation thereof, and making findings). "Broad and vague" reasons for rejecting a treating physician's opinion do not suffice. McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir.1989).

When they are properly supported, the opinions of physicians other than treating physicians, such as examining physicians and nonexamining medical experts, may constitute substantial evidence upon which an ALJ may rely. See, e.g., Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001) (consultative examiner's opinion on its own constituted substantial evidence, because it rested on independent examination of claimant); Morgan, 169 F.3d at 600 (testifying

///

1 medical expert opinions may serve as substantial evidence when "they are
2 supported by other evidence in the record and are consistent with it").

3       **B.    Dr. Douglas Rodick**

4       The ALJ's reasons for rejecting Dr. Rodick's Opinions were not legally
5 sufficient. As the Court cannot find such error to be harmless, a remand is
6 warranted.

7       First, although the ALJ concluded that the November 9 Assessment had "no
8 probative value" based, in part, on findings that Dr. Rodick's opinions therein
9 were "not supported by objective evidence" and "grossly disproportionate to the
10 treatment records" (AR 30-31), the Court cannot conclude that substantial
11 evidence supports that conclusion. For example, as the ALJ noted, plaintiff
12 understandably experienced significant psychological symptoms "shortly" after
13 the death of her husband on May 11, 2010. (AR 30) (citing Exhibit 12F at 8 [AR
14 605]). The decision did not note, however, that plaintiff's symptoms also
15 apparently persisted for several months thereafter. (AR 603-08). In a July 25,
16 2011 progress note (which the ALJ did not mention at all in the decision), Dr.
17 Rodick indicated that over a year after her husband's death, plaintiff continued to
18 suffer from significant psychological symptoms and, at that point, needed a
19 psychiatric consultation. (AR 945). In fact, treatment notes reflect that even
20 before her husband's death plaintiff sought mental health treatment from Dr.
21 Rodick. (AR 609-15). In a Psychiatric/Psychological Evaluation dated November
22 19, 2009, Dr. Rodick reported that plaintiff was experiencing symptoms of
23 depression and anxiety related to "marital concerns," and diagnosed plaintiff with
24 an adjustment disorder with mixed anxiety and depressed mood, which "changed
25 to . . . Major Depression, recurrent." (AR 615). The ALJ's failure to account for
26 such significant and probative medical opinion evidence was legal error. See
27 Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (An ALJ must provide
28 ///

an explanation when he rejects "significant probative evidence.") (citation omitted).

Second, the ALJ failed properly to consider Dr. Rodick's January 24 Statement. In the decision, the ALJ described the January 24 Statement but did not expressly accept or reject it. (AR 30). To the extent the ALJ intended to reject the January 24 Statement on the same grounds as the November 9 Assessment, as discussed above, the ALJ's reasoning was not supported by the record.

Finally, considering that Dr. Rodick essentially opined that plaintiff's mental condition would prevent her from performing even sedentary work (AR 601-02, 946-49), this Court cannot conclude that the vocational expert would have opined (or that the ALJ relying upon such opinion would have determined) that plaintiff could perform work which exists in significant numbers in the national economy if the ALJ had included in the hypothetical question the significant mental limitations identified in Dr. Rodick's Opinions but not addressed in the ALJ's decision. Therefore, the Court cannot find that the ALJ's errors were harmless.

Accordingly, this case must be remanded to permit the ALJ properly to consider Dr. Rodick's Opinions.

### C. Dr. Ildiko Hodde

The Court cannot conclude that the ALJ's rejection of Dr. Hodde's Opinions was supported by substantial evidence and free of legal error. As the Court also cannot find the ALJ's errors to be harmless, a remand is warranted.

First, the ALJ's assertion that Dr. Hodde "did not provide any support" for the opinions expressed in the November 10 Assessment is belied by the record. For example, a progress note prepared on November 8, 2011 (*i.e.*, two days before the November 10 Assessment) reflected, among other things, that (1) some of plaintiff's medication caused adverse side effects and "[did not] help her depression"; (2) plaintiff was "[o]n a lot of meds," but was "still tearing ... [and]

overwhelmed," would "break[] down easily," was "exhausted," "[did not] feel well," had insomnia, could not "function," was "crying during the visit," and had "suicidal thoughts at times"; and (3) Dr. Hodde gave plaintiff a prescription for Cymbalta (*i.e.*, a medication used to treat, among other things, "major depressive disorder"). (AR 976). In addition, a progress note dated January 25, 2012, reflected that plaintiff "was very tearful and depressed" over the holidays and that Dr. Hodde had increased plaintiff's dosage of Cymbalta. (AR 977). Again, the ALJ's failure to account for such significant and probative medical opinion evidence was legal error. Vincent, 739 F.2d at 1394-95 (citation omitted). Moreover, in light of the foregoing, the ALJ's affirmative finding that the November 10 Assessment had "no probative value" at all essentially because Dr. Hodde failed to provide "any objective evidence [to] support it" (AR 31) is an incorrect characterization of the medical evidence and calls into question the validity of both the ALJ's evaluation of Dr. Hodde's Opinions and the ALJ's decision as a whole. See, e.g., Regennitter v. Commissioner, 166 F.3d 1294, 1297 (9th Cir. 1999) (A "specific finding" that consists of an "inaccurate characterization of the evidence" cannot support an adverse credibility determination); Lesko v. Shalala, 1995 WL 263995, *7 (E.D.N.Y. Jan. 5, 1995) ("inaccurate characterizations of the Plaintiff's medical record" found to constitute reversible error).

      Second, consequently, the ALJ's conclusory assertion that the November 10 Assessment "[was] completed as an accommodation to [plaintiff]" (AR 31) was not a legitimate basis for rejecting Dr. Hodde's Opinions. See Lester, 81 F.3d at 832 (Absent evidence of "actual improprieties" ALJ may not reject a medical opinion simply because it was provided in support of a claim for social security benefits.); see also id. (quoting Ratto v. Secretary, 839 F. Supp. 1415, 1426 (D. Or. 1993) ("The Secretary may not assume that doctors routinely lie in order to help their patients collect disability benefits.") (internal quotation marks omitted).

Third, new evidence plaintiff submitted to the Appeals Council after the ALJ's decision also suggests that plaintiff suffers from significant mental limitations that were not accounted for in the ALJ's residual functional capacity assessment.[3] For example, in a July 15, 2012 Evaluation Form for Mental Disorders, Dr. Hodde diagnosed plaintiff with Major Depression, recurrent moderate, and opined "[plaintiff's] condition is chronic, difficult to treat and so far [plaintiff] has shown limited benefit from treatment." (AR 1037).

Finally, considering that Dr. Hodde opined that plaintiff had slight to marked impairment in all but one area of mental functioning (AR 950-53), this Court cannot conclude that the vocational expert would have opined (or that the ALJ relying upon such opinion would have determined) that plaintiff could perform work which exists in significant numbers in the national economy if the ALJ had included in the hypothetical question the significant mental limitations identified in Dr. Hodde's Opinions. Therefore, the Court cannot find that the ALJ's errors were harmless.

Accordingly, this case must be remanded to permit the ALJ properly to consider Dr. Hodde's Opinions.

---

[3]Since the Appeals Council included the new evidence in the administrative record, this Court also considers such evidence in determining whether the ALJ's decision was supported by substantial evidence and free from legal error. See Brewes v. Commissioner of Social Security Administration, 682 F.3d 1157, 1163 (9th Cir. 2012) ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence.") (citation omitted); see also Taylor v. Commissioner of Social Security Administration, 659 F.3d 1228, 1232 (9th Cir. 2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error") (citations omitted).

V.	CONCLUSION[4]

For the foregoing reasons, the decision of the Commissioner of Social Security is reversed in part, and this matter is remanded for further administrative action consistent with this Opinion.[5]

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: August 28, 2013

                                        /s/
                              Honorable Jacqueline Chooljian
                              UNITED STATES MAGISTRATE JUDGE

---

[4] The Court need not, and has not adjudicated plaintiff's other challenges to the ALJ's decision, except insofar as to determine that a reversal and remand for immediate payment of benefits would not be appropriate. On remand, however, the ALJ may wish to reconsider whether the opinions of Dr. Jaffar A. Tremazi, plaintiff's treating physician, have been adequately addressed. (Plaintiff's Motion at 5-6, 10-12).

[5] When a court reverses an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." Immigration & Naturalization Service v. Ventura, 537 U.S. 12, 16 (2002) (citations and quotations omitted). Remand is proper where, as here, additional administrative proceedings could remedy the defects in the decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).